UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

SHAQUITA GOLSON,

    Plaintiff,

v

AFNI, INC.,

    Defendant.

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Debt Collection Practices)**

## COMPLAINT

SHAQUITA GOLSON ("Plaintiff"), by and through her attorneys KIMMEL & SILVERMAN, P.C., alleges the following against AFNI, INC. ("Defendant"):

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §

1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Ohio; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Garfield Heights, Ohio 44125.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a debt collection company with its headquarters located at 404 Brock Drive, Bloomington, Illinois 61701.

9. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6), who repeatedly contacted Plaintiff in an attempt to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Plaintiff has a cellular telephone.

13. Plaintiff has only used this phone as a cellular telephone.

14. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

15. Beginning in or around September 2016 and continuing thereafter through December 2016, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempts to collect an alleged consumer debt that was incurred primarily for personal, family or household purposes.

16. Defendant's calls derived from phone numbers including, but not limited to, the following: (877) 545-2474. The undersigned has confirmed that this phone number belongs to the Defendant.

17. During this time, Plaintiff received automated calls from Defendant that would commence with a prerecorded message before the calls were transferred to Defendant's collectors.

18. Defendant's calls were not for emergency purposes.

19. Shortly after the calls began from Defendant, Plaintiff spoke to Defendant in September 2016 and requested that their calls stop.

20. Once Defendant was informed that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

21. Rather than restrict its calls to Plaintiff's cellular telephone, Defendant failed to update its records and continued to call Plaintiff.

22. Thereafter, Plaintiff retained counsel, who sent correspondence to Defendant on December 5, 2016 indicating that counsel was representing Plaintiff and instructing Defendant to stop calling Plaintiff Defendant a Cease & Desist Letter on December 5, 2016. See Exhibit A.

23. Counsel's correspondence was received by Defendant on December 8, 2016. See Exhibit A.

24. However, Defendant continued to call Plaintiff.

25. When placing calls to Plaintiff, Defendant periodically called before 8:00AM and after 9:00PM.

26. Finally, Defendant failed to send anything to Plaintiff in writing setting forth her rights pursuant to the FDCPA.

## COUNT I
## DEFENDANT VIOLATED §§1692c(a)(2) and c(c) OF THE FDCPA

27. A debt collector violates § 1692c(a)(2) of the FDCPA by contacting a consumer after Defendant knew Plaintiff was represented by an attorney.

28. A debt collector violates § 1692c(c) of the FDCPA by communicating with a consumer after the consumer notifies the debt collector in writing that the consumer wishes the debt collector to cease communication.

29. Here, Defendant violated §§ 1692c(a)(2) and c(c) of the FDCPA by calling Plaintiff after being notified that Plaintiff was represented by counsel and wanted the calls to cease.

## COUNT II
## DEFENDANT VIOLATED §§1692c(a)(1) OF THE FDCPA

30. A debt collector violates § 1692c(a)(1) of the FDCPA by communicating with a consumer at any unusual time or place known or which should be known to be inconvenient.  In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

31. Here, Defendant violated §§ 1692c(a)(1) of the FDCPA by calling

Plaintiff before 8:00AM and after 9:00PM on occasion.

## COUNT III
## DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA

32. A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

33. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

34. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by repeatedly contacting Plaintiff on her cellular telephone multiple times per day even after Plaintiff requested that Defendant stop calling her.

## COUNT IV
## DEFENDANT VIOLATED §1692g OF THE FDCPA

35. A debt collector violates §1692g if within five days after initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty

days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

36. Defendant violated §1692g by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising him of his rights to dispute the debt or request verification of the debt.

**COUNT V**
**DEFENDANT VIOLATED THE**
**TELEPONE CONSUMER PROTECTION ACT**

37. Defendant's conduct, as detailed in the preceding paragraphs, violated the Telephone Consumer Protection Act.

38. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation

39. Under § 227(b)(3)(B) of the TCPA, a person or entity may bringa private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

40. Despite the fact that Plaintiff revoked consent in September 2016 and again in December 2016 through counsel, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

41. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

42. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

WHEREFORE, Plaintiff, SHAQUITA GOLSON, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3);

    d.    Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

    e.    Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

    f.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SHAQUITA GOLSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: June 2, 2017         By: /s/ Amy L. Bennecoff Ginsburg
                               Amy L. Bennecoff Ginsburg
                               Kimmel & Silverman, P.C.
                               30 East Butler Pike
                               Ambler, Pennsylvania 19002
                               Phone: (215) 540-8888
                               Facsimile: (877) 788-2864
                               Email: aginsburg@creditlaw.com